IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES EDWARD WILLIAMS, | ) | No. C 12-1691 RMW(PR) |
| Plaintiff, | ) ) | ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |
| v. | ) ) | |
| R. PEREZ, et al., | ) ) | |
| Defendants. | ) ) | |

    Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses one claim, and orders service upon defendants.

**DISCUSSION**

A.    Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

1  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
2  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
3  the alleged deprivation was committed by a person acting under the color of state law. West v.
4  Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

Plaintiff raises two claims. He asserts that on March 29, 2011, defendant R. Perez assaulted him in the presence of defendant J. Juarez. Eventually, J. Juarez joined the assault with R. Perez. Liberally construed, plaintiff states a cognizable claim of excessive force.

Plaintiff also claims that his right to due process was violated at his rules violation hearing. Plaintiff alleges that after the rules violation hearing, he was sentenced to the Secured Housing Unit and assessed a loss of 150 days of good time credits. He requests damages. However, this claim is barred by Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Heck bars a claim of unconstitutional deprivation of time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence. See Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996). A claim for damages based on allegations that plaintiff was denied the opportunity to put on a defense and that there was deceit and bias on the part of the decisionmaker, for example, necessarily implies the invalidity of the punishment imposed and is barred by Heck. See Edwards v. Balisok, 520 U.S. 641, 645-47 (1997).

Accordingly, plaintiff's due process claims are DISMISSED. Defendants C. Ramos, the assigned investigative employee, and Lt. P. Roque, the hearing officer who presided over plaintiff's rules violation hearing, who plaintiff names in conjunction with his due process claims are also DISMISSED.[1]

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

---

[1] Plaintiff's motion requesting a copy of his IFP certificate in order to request the Marshal to serve defendants is DENIED as unnecessary. (Docket No. 4.) Plaintiff's motion requesting the Marshal to serve summons on defendants is GRANTED in part. (Docket No. 6.)

1.     Plaintiff's due process claims are dismissed. Defendants C. Ramos and Lt. P. Roque are dismissed.

2.     The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments thereto, and copies of this order on **Correctional Officer R. Perez** and **Correctional Officer J. Juarez** at **Salinas Valley State Prison**. The clerk shall also serve a copy of this order on plaintiff and mail a courtesy copy of the complaint to the California Attorney General's Office.

3.     No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

    a.     If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

    b.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.</u>**

4.     Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed.

    a.     In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[2]

---

[2] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Rmw\CR.12\Williams691srv.wpd     3

1   The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b.  In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5.  Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Rmw\CR.12\Williams691srv.wpd       4

1  opposition is filed.

2      6.    The motion shall be deemed submitted as of the date the reply brief is due. No
3  hearing will be held on the motion unless the court so orders at a later date.

4      7.    All communications by the plaintiff with the court must be served on defendants,
5  or defendants' counsel once counsel has been designated, by mailing a true copy of the
6  document to defendants or defendants' counsel.

7      8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
8  No further court order is required before the parties may conduct discovery.

9      9.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
10  and all parties informed of any change of address and must comply with the court's orders in a
11  timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
12  pursuant to Federal Rule of Civil Procedure 41(b).

13      This order terminates docket numbers 2, 4, and 6.

14      IT IS SO ORDERED.

15  DATED: _____    *Ronald M. Whyte*
16                      RONALD M. WHYTE
                    United States District Judge

17
18
19
20
21
22
23
24
25
26
27
28

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Rmw\CR.12\Williams691srv.wpd    5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD WILLIAMS, | Case Number: CV12-01691 RMW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| R. PEREZ et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 11, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Edward Williams V-54214
Salinas Valley State Prison
Housing: A-5-143
P.O. Box 1050
Soledad, CA 93960

Dated: July 11, 2012

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk