IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES EDWARD WILLIAMS, | ) | No. C 12-1691 RMW(PR) |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; FURTHER BRIEFING SCHEDULE |
| v. | ) | |
| R. PEREZ, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a second amended civil rights complaint ("SAC") pursuant to 42 U.S.C. § 1983. Defendants have filed a motion to dismiss for failure to state a claim against defendants Correctional Officer Collier and Lieutenant Ross. Although given an opportunity, plaintiff has not filed a reply. For the reasons below, defendants' motion to dismiss is GRANTED.

## BACKGROUND

In his SAC, plaintiff alleged that, on March 29, 2011, Correctional Officers R. Perez and J. Juarez used excessive force upon him. Plaintiff further alleged that Correctional Officers J. Juarez, G. Collier, and Canchola, and Lieutenant M. Ross exhibited deliberate indifference to plaintiff's safety by failing to intervene.

## ANALYSIS

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure

12(b)(6) tests the legal sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.), 536 F.3d 1049, 1055 (9th Cir. 2008). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" Cousins v. Lockyer, 568 F.3d 1063, 1067 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." Id.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Allegations in a pro se complaint sufficient to raise an inference that the named prison officials acted with deliberate indifference – i.e, that they knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it – states a "failure-to-protect" claim. Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to safety by failing to take reasonable steps to abate it. See Farmer, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id.

Taking plaintiff's allegations as true as the court is required to do, plaintiff claims that, on March 29, 2011, defendant Correctional Officer Perez ordered plaintiff to leave the A-yard medical clinic. (SAC at 5.) Plaintiff told Perez that plaintiff was going to file an administrative grievance against him, and Perez followed plaintiff out of the clinic and ordered plaintiff to get

against the fence. (Id. at 5-6.) Plaintiff complied and Perez began to assault plaintiff by kicking the insides of both of plaintiff's legs. (Id. at 6-7.) Plaintiff alleges that Correctional Officer Juarez watched Perez, but did nothing to stop him. (Id. at 7.) Perez then threatened plaintiff with more assaults if plaintiff did not drop an unrelated lawsuit. (Id. at 7-8.) Perez then ordered plaintiff to "prone out." (Id. at 8.) Plaintiff told Perez that he had chronos stating that he should not prone out, and was going to reach into his back pocket to show Perez and Juarez the chronos. (Id.) As plaintiff turned around to give the chronos to Perez and Juarez, plaintiff saw Correctional Officer Canchola by the clinic door, and Correctional Officer Collier at the watch tower, watching what was happening. (Id. at 8-9.) Perez and Juarez then tackled plaintiff to the ground and began assaulting him. (Id. at 9.) As a result of the assault, Collier sounded the alarm from the watch tower, and Lieutenant Ross responded to the alarm. (Id. at 10.) Plaintiff claims that Perez and Juarez falsely stated that plaintiff assaulted them, and Ross failed to fully investigate the incident. (Id.)

With respect to both Collier and Ross, even liberally construed, plaintiff has not alleged that either defendant knew or had reason to know that defendants Perez or Juarez posed an excessive risk to plaintiff's safety and did nothing to abate it. In fact, plaintiff's SAC admits that when Collier observed Perez and Juarez assaulting plaintiff on the ground, Collier sounded the alarm, and Ross responded to it. Without facts to support an inference that Collier or Ross disregarded a known risk of serious harm, plaintiff fails to state a claim against them.

To the extent plaintiff intended to allege supervisory liability against Collier and Ross, plaintiff does not state a cognizable claim against them. A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)). As stated above, plaintiff's allegations do not state a claim that either defendant was personally involved in failing to protect plaintiff, nor does it sufficiently state a causal connection between defendants' actions or failures to act and the excessive force. Finally, although plaintiff states that Collier and Ross failed to prevent others

from filing false charges, plaintiff has no constitutional right to be free from being falsely or wrongly accused of conduct.  See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986).  As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.  Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984).

Accordingly, defendants' motion to dismiss Collier and Ross from this action is GRANTED.  Because it is "beyond doubt that the plaintiff can prove [a] set of facts in support of his claim which would entitle him to relief," Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations and internal quotation marks omitted), the dismissal with without leave to amend.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Defendants' motion to dismiss defendants Collier and Ross for failure to state a claim against them is GRANTED.  Defendants Collier and Ross are DISMISSED.

2. No later than **ninety (90) days** from the date of this order, the remaining defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

   a. If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the court and

1 served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is
2 filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex</u>
3 <u>Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come
4 forward with evidence showing triable issues of material fact on every essential element of his
5 claim).

6       4.     Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's
7 opposition is filed.

8       5.     The motion shall be deemed submitted as of the date the reply brief is due.  No
9 hearing will be held on the motion unless the court so orders at a later date.

10       6.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
11 and all parties informed of any change of address and must comply with the court's orders in a
12 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
13 pursuant to Federal Rule of Civil Procedure 41(b).

14      IT IS SO ORDERED.
15 DATED: _____

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
16                       United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD WILLIAMS,<br><br>        Plaintiff,<br><br>  v.<br><br>R. PEREZ et al,<br><br>        Defendant. | Case Number: CV12-01691 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 28, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Edward Williams V-54214
Kern Valley State Prison
D-5-113
P.O. Box 5104
Delano, CA 93216

Dated: March 28, 2014

                                    Richard W. Wieking, Clerk
                                    By: Jackie Lynn Garcia, Deputy Clerk